**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR DUNAEV,<br><br>   Petitioner,<br><br>   v.<br><br>JAMES ENGLEMAN, Warden,<br><br>   Respondent. | Case No. 2:24-cv-09835-AH-SHK<br><br>**JUDGMENT** |

Pursuant to the Order Accepting Findings and Recommendation of United States Magistrate Judge,

IT IS HEREBY ADJUDGED that Petition is GRANTED and that the Bureau of Prisons ("BOP") shall recalculate Petitioner Vladamir Dunaev's ("Petitioner") entitlement to earned-time credits ("ETCs") under the First Step Act as follows:

1) The BOP shall identify all evidence-based recidivism reduction programming or productive activities that Petitioner participated in between January 24, 2024 and May 13, 2024.

2) The BOP shall determine which of the programs that Petitioner participated in between January 24, 2024 and May 13, 2024 are

consistent with the programs and activities that would have been assigned to Petitioner given the results of his May 14, 2024 assessment.  As to these programs and activities, Petitioner shall be deemed to have "successfully complete[d] evidence-based recidivism reduction programming or productive activities" within the meaning of 18 U.S.C. § 3632(d)(4)(A).  The BOP shall credit Petitioner for time spent in these programs and activities consistent with the Act: i.e., "10 days of time credit for every 30 days of successful participation." Id. at § 3632(d)(4)(A)(i).  The BOP shall clearly identify the exact number of ETCs being credited against Petitioner's sentence as part of this recalculation.

3) The BOP shall determine which of the programs Petitioner completed between January 24, 2024 and May 13, 2024 that it asserts "generically" qualify under the Act for ETCs, but would not have been assigned to Petitioner given his assessment results.  In this case, an employee of the BOP must, under penalty of perjury: (a) identify the program or activity that it claims was not appropriate to Petitioner, including the number of days of ETCs that it claims should not be credited against Petitioner's sentence under the Act; and (b) explain why the program or activity was not appropriate to Petitioner.  The BOP will bear the burden of showing why certain programs or activities that Petitioner engaged in prior to being assessed were not appropriate to Petitioner and would not have been assigned to him consistent with the May 14, 2024 assessment.

4) The BOP shall undertake the above calculation **within 30 days**.

Dated:  MAY 28, 2025

HONORABLE ANNE HWANG
United States District Judge

2